**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GEORGE BERG, #0009855511C | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 10-4028 (JBS) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| DAVE HENDERSON, | : | |
| | : | |
| Defendants. | : | |

**Simandle**, District Judge:

Plaintiff George Berg seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals, within the meaning of 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a), and order the Clerk to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

Naming his former public defender as Defendant in this action, Plaintiff alleges that, on April 27, 2010, while being at

the Atlantic County Court House together with Defendant (for the purposes related to Plaintiff's then-pending state criminal prosecution), Plaintiff, in confidence, "related [a certain unspecified] pertinent information" to Defendant, and Defendant, in turn, "related this information to the prosecuting attorney." See Docket Entry No. 1, at 4.  According to the Complaint, this latter disclosure resulted in the prosecutor's reconsideration of the then-outstanding plea offer: the offer was changed in terms less favorable to Plaintiff.  See id. (asserting that Plaintiff's "plea offer was raised").

Plaintiff filed his Complaint seeking the following relief:

> I would like to have a new [public defender] attorney
> and prosecutor [appointed], I also know my chances at
> having fair legal proceeding [from] any prosecutor [in]
> Atlantic County would be highly improbable since they
> will have contact with my [current] prosecutor.

Id. at 5.

## II.  STANDARD OF REVIEW

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  Indeed, it is long established that a court should "accept as true all of the [factual] allegations in the  complaint and reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, while a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct."  Id.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the

label "general allegation" [in hope to develop facts
through discovery].

Iqbal, 129 S. Ct. at 1949-54.

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. §
1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory . . . subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff
must allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  See West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

### IV.  DISCUSSION

#### A.   Relief Requested

Plaintiff's claims, construed literally as an application
for injunctive relief directing appointment of another public
defender and another prosecutor, and for a transfer of venue of
Plaintiff's state criminal proceedings, falls outside this

5

Court's jurisdiction; federal courts cannot get involved in administrative or procedural aspects of ongoing state proceedings, and -- to the degree these administrative or procedural aspects affect federal rights of state litigants -- federal courts' interference is strictly limited.  See Younger v. Harris, 401 U.S. 37 (1971).[1]

Moreover, Plaintiff's application for injunctive relief has been rendered moot by Plaintiff either taking a plea or being tried to (and convicted by) a jury, since – as of now – Plaintiff

---

[1] The doctrine of abstention, which has developed since Younger, "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. See id.  The specific elements of the Younger abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  All three Younger criteria are met in the case at hand.  First, Plaintiff's claim concerns a separate pending criminal case.  Second, since Plaintiff attempts to raise issues seemingly concerning the validity of his plea and his due process rights, his proceeding clearly implicates important state interests.  Third, the state forum affords Plaintiff an adequate opportunity to raise these challenges.  See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff").

is a convicted individual serving his prison term, having been
admitted to CRAF on October 15, 2010.[2] <u>See</u>
<<https://www6.state.nj.us/DOC_Inmate/details?x=1309691&n=0>>;
<u>see also</u> <u>Int'l Bhd. of Boilermakers v. Kelly</u>, 815 F.2d 912, 916
(3d Cir. 1987) (the central question in the mootness analysis is
whether meaningful or effective relief remains available).

Thus, Plaintiff's Complaint, as presently framed, shall be
dismissed on <u>Younger</u> grounds or, alternatively, as moot.

**B.   Alternative Relief**

The Court, however, cannot rule out that Plaintiff might
have wished to assert claims seeking relief other than
appointment of another defense counsel or prosecutor, or venue
transfer of his state criminal proceedings.  The Court,
therefore, will examine Plaintiff's claims accordingly.

As noted <u>supra</u>, to recover against a defendant under 42
U.S.C. § 1983, a plaintiff must establish that the defendant
acted under "color of [state] law" to deprive him of a right
secured by the federal Constitution or laws.  <u>See</u> <u>Groman v. Twp.
of Manalapan</u>, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does
not create substantive rights; rather, it provides an avenue of
recovery for the deprivation of established federal

_____

[2] Plaintiff has not informed this Court of his new address,
contrary to the requirements of L. Civ. R. 10.1(a).  This Court
will nonetheless direct the Clerk to use Plaintiff's current
address at CRAF in Trenton, in the accompanying Order.

constitutional and statutory rights. See Kneipp v. Tedder, 95
F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633. "The
color of state law . . . is a threshold issue; there is no
liability under [Section] 1983 for those not acting under color
of law." Id. at 638.  The color of state law element in a
section 1983 action requires that "the conduct allegedly causing
the deprivation of [the plaintiff's rights] be fairly
attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S.
922, 937 (1982). For the conduct to be "fairly attributable" to
the State: (1) the deprivation must be caused by (a) the exercise
of some right or privilege created by the State or (b) by a rule
of conduct imposed by it or by a person for whom the State is
responsible, and (2) the defendant must be a person who may
fairly be said to be a state actor, either because the person (a)
is a state official, (b) acted together with or has obtained
significant aid from state officials, or (c) performed conduct
otherwise chargeable to the State.  See id. at 936-39.

It is well-settled that neither a privately retained counsel
nor a court-appointed public defender who performs a lawyer's
traditional function as counsel to a defendant in a criminal
proceeding could be deemed as acting under color of law.  See
Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether
court-appointed or privately retained, a defense attorney
represents only her client and not the state.  See Johnson v.

8

<u>Kafrissen</u>, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995).

Further, now that Mr. Berg has apparently been convicted and sentenced, any attack upon his conviction must be by appeal within the Superior Court of New Jersey, Appellate Division, and not within this federal court.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Plaintiff's application to file the Complaint without prepayment of the filing fee and will direct the Clerk to file the Complaint.

Plaintiff's application for injunctive relief will be denied with prejudice. Plaintiff's Complaint, being construed as an application for damages, will be dismissed without prejudice, and Plaintiff will be allowed to file an amended complaint stating the pertinent facts in accordance with the guidance provided herein.

An appropriate Order accompanies this Opinion.

<u>s/ Jerome B. Simandle</u>
JEROME B. SIMANDLE
United States District Judge

Dated: **November 10, 2010**